523 P.2d 88

**STATE of Arizona, Appellee,**

**v.**

**Edward Martinez VASQUEZ, Appellant.**

**No. 1 CA–CR 635.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 30, 1974.

**38**

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., for appellee.

Ross P. Lee, Public Defender for Maricopa County, by Paul J. Prato, Deputy Public Defender, for appellant.

OPINION

STEVENS, Judge.

The probation of Edward Martinez Vasquez (defendant) was revoked. He was sentenced to the Arizona State Prison and this appeal followed. The revocation and sentencing were before The Honorable Harold D. Martin and occurred in a single proceeding during which the defendant was sentenced for an offense which the defendant committed while he was on probation.

The question before this Court is whether under the circumstances of this case a full scale bifurcated revocation and sentencing procedure was required. We hold that it was not.

In connection with the case at bar it is essential to consider two separate criminal informations. In the instant case, Maricopa County Superior Court cause number Cr–71350, a two-count information was filed. Each count lay under the forgery statutes and each count carried a maximum of 14 years. An amended information was filed which contained two counts, each of which lay under the check statutes and each of which carried a maximum of five years. We will refer to the instant case as the "check case." A subsequent criminal case, Maricopa County Superior Court cause number Cr–76789, contained a single forgery count and will be referred to as the "forgery case."

The following table may aid in disclosing some of the key dates of the two cases. The conviction in the forgery case was affirmed by this Court in State v. Vasquez, 21 Ariz.App. 445, 520 P.2d 539 (1974).

| CHECK CASE (No. 71350) | DATE | FORGERY CASE (No. 76789) |
|---|---|---|
| Plea of guilty to both counts | 19 May 1972 | |
| Judgment of guilty and 4 years probation | 7 July 1972 | |
| | 14 February 1973 | New forgery committed |
| Preliminary order of revocation | 9 April 1973 | |
| Arrest | 21 June 1973 | |
| | 13 July 1973 | Plea of guilty |
| Probation revoked Sentenced | 14 September 1973 | Judgment of guilt and sentence |
| | 2 April 1974 | **Conviction affirmed** |

In the check case the terms of probation included:

"1. Defendant shall at all times conduct himself as a law-abiding citizen.

"12. Defendant shall cooperate with the probation officer at all times and shall contact the probation officer if he should encounter any difficulties during the period of probation.

"13. Defendant shall report to the probation officer at least once each month, in writing or in person as directed, concerning his conduct and activities, and the defendant shall report at such other times as may be required by the probation officer or by the Court."

The preliminary order of revocation recited:

"The court is informed and therefore has reason to believe that the defendant has violated the terms of said probation as follows: Defendant failed to cooperate with his probation officer; defendant failed to report as directed by his probation officer."

The recited basis for prospective final revocation of probation was not amended nor does the record show that the defendant was advised by the trial court that different grounds for revocation might be utilized. As pointed out in our opinion in Vasquez, supra, the probation officer's report established a factual basis for the forgery plea and conviction. This report included an admission by the defendant that he had committed the forgery.

We quote from the proceedings of 14 September 1973.

"THE COURT: In Cause Number 76789, you have been charged by the State of Arizona with the crime of Forgery, a felony. To this charge you have entered a plea of Guilty. Do you have anything to say or any legal cause to show why sentence should not now be pronounced?

"MR. GAY [for the defendant] No legal cause, Your Honor.

"THE COURT: No legal cause appearing, and by reason of your plea of Guilty, it is the judgment of this court that you are guilty of the crime of Forgery, a felony.

"Cause Number 71350, the Court finds because of your conviction in Cause 76789, you have violated the terms of your probation.

"IT IS ORDERED revoking your probation in Cause 71350.

"In Cause Number 76789, as punishment for this crime, IT IS ORDERED that you be taken from the bar of this court to the common jail of Maricopa County, there to remain for a period not to exceed fifteen days, during which time the Sheriff of Maricopa County will transfer you to the Arizona State Prison, there to be incarcerated for a term of not less than nine, nor more than twelve years.

"Cause 71350, IT IS ORDERED that you be taken from the bar of this court to the common jail of Maricopa County, there to remain for a period not to exceed fifteen days, during which time the Sheriff of Maricopa County will transfer you to the Arizona State Prison, there to be incarcerated for a term of not less than two, nor more than five years on each count—these sentences to run concurrently with Cause 76789. All sentences are to start as of June 21, 1973."

Therefrom it can be seen that the sequence of action was as follows:

1. The defendant was adjudged guilty of forgery;

2. The probation which had been granted in the check case on 7 July 1972 was revoked based upon the judgment of guilt in the forgery case;

3. Sentence was imposed in connection with the forgery case; and

4. Sentence was imposed in the check case on each of the two counts, the sentences being concurrent and less than the forgery sentence.

We are mindful of the procedures set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, decided

29 June 1972; Gagnon v. Scarpelli, 411 U. S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, decided 14 May 1973, and State v. Settle, 20 Ariz.App. 283, 512 P.2d 46, decided 12 July 1973. We also recognize the cases of State v. Miller, 110 Ariz. 43, 514 P.2d 1039, decided 11 October 1973, and State v. Magallanes, 110 Ariz. 235, 517 P.2d 505, decided 28 December 1973. We quote portions of Morrissey as follows:

"* * * The first step in a revocation decision thus involves a wholly retrospective factual question: whether the parolee had in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the conditions does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation? * * * Yet this second step, deciding what to do about the violation once it is identified, is not purely factual but also predictive and discretionary." 408 U.S. 479, 92 S.Ct. 2599, 33 L.Ed.2d 493.

"We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.

* * * * * *

"* * * due process is flexible * * *." 408 U.S. at 480, 92 S.Ct. at 2600, 33 L.Ed.2d at 494.

"* * * What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." 408 U.S. at 484, 92 S.Ct. at 2602, 33 L.Ed.2d at 496.

"* * * cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." 408 U.S. at 490, 92 S.Ct. at 2605, 33 L.Ed.2d at 499.

In Gagnon, in discussing whether it was always essential that the defendant be represented by counsel in connection with the proceedings relating to revocation of probation, the court recognized that this determination may be made by a "case-by-case approach." The Court further stated:

"* * * But due process is not so rigid as to require that the significant interest in informality, flexibility, and economy must always be sacrificed." 411 U.S. at 788, 93 S.Ct. at 1763, 36 L.Ed.2d at 665.

In the case at bar the defendant and the State were represented by counsel during the revocation proceedings. We are of the opinion that the Morrissey and Gagnon requirements may also be considered in a case-by-case approach.

In the case at bar the defendant by his 14 February 1973 forgery and by his 13 July 1973 plea of guilty to that offense clearly and judicially established a violation of the number one condition of his probation. What useful purpose would have been served in furnishing him with a written notice that the violation could be considered in relation to the decision as to whether probation should be finally revoked? The forgery sentence was imposed prior to the imposition of the check case sentence and was for a longer period of time than the possible maximum he could have received in the check case. What mitigation could the defendant have established on a subsequent date in a subsequent hearing which would have entitled him to continue on probation?

We agree with the California Court of Appeals in the case of In re Edge, 33 Cal. App.3d 149, 108 Cal.Rptr. 757 (1973):

"It is implicit in the language and factual setting of Morrissey that the court is prescribing a preliminary hearing procedure only when the charges against the parolee are not based upon criminal charges which are being prosecuted under the criminal law.

* * * * * *

"When a parolee is arrested and prosecuted on criminal charges, the criminal prosecution itself is adequate protection against the evils and dangers Morrissey was designed to protect against.

&ast; &ast; &ast; &ast; &ast; &ast;

"If the preliminary hearing is waived and the parolee pleads guilty or is found guilty after trial, conviction of crime by a court under the stringent standards of proof, stricter procedural requirements, and the antiseptic atmosphere of the courtroom afford the parolee far more protection than do the preliminary hearing procedures announced in Morrissey. If the parolee was convicted of a crime forming the basis of the revocation proceedings, there was obviously probable cause to hold him for a parole violation." 108 Cal.Rptr. at 764.

Under the setting presented to us in the instant case we affirm the revocation of probation and the sentences imposed.

DONOFRIO, P. J., and OGG, J., concur.