547 P.2d 1060

**The STATE of Arizona, Appellee,**

**v.**

**Albert Rivera ASTORGA, Appellant.**

**No. 2 CA–CR 752–2.**

Court of Appeals of Arizona,
Division 2.

March 31, 1976.
Rehearing Denied April 27, 1976.
Review Denied May 11, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Kenneth J. Peasley, Asst. Public Defender, Tucson, for appellant.

OPINION

HOWARD, Chief Judge.

In this appeal the appellant contends that the trial court committed prejudicial procedural errors in the revocation of his probation.

On January 10, 1974, in Pima County Cause No. A–24382 appellant, pursuant to his plea, was found guilty of unlawful possession of heroin for sale and placed on ten years' probation. Scarcely ten months later, on November 18, 1974, appellant was indicted in Pima County Cause No. A–26790 for possession of heroin for sale. On the same date a petition to revoke appellant's probation in Cause. No. A–24382 was filed. In the month of December, 1974 appellant made his initial appearance on the petition to revoke probation and a probable cause hearing was duly held on December 24, 1974.

On February 18, 1975, the date set for the hearing to determine whether appellant had violated his probation, counsel stipulated to a continuance of the revocation hearing until after the trial of the criminal charges in Pima County Cause No. A–26790.

On August 22, 1975, appellant was convicted by a jury of unlawful possession of heroin in a trial presided over by the Honorable Robert B. Buchanan, in Cause A–26790.

The revocation hearing finally took place on October 17, 1975, before the Honorable Robert O. Roylston, who after taking judicial notice of the judgment of conviction in Cause No. A–26790, and after taking additional testimony, revoked appellant's probation, and sentenced him to not less than five nor more than ten years in the Arizona State Prison the sentence to run concurrently with the sentence in Cause A–26790.[1]

The pivotal issue in this case is whether the trial court erred in applying the provisions of Rule 27.7e, Arizona Rules

---

1. A court may take judicial notice of the record in another action tried in the same court. *Reidy v. O'Malley Lumber Company,* 92 Ariz. 130, 374 P.2d 882 (1962).

of Criminal Procedure which became effective August 1, 1975. This rule which governs revocation of probation provides:

"If there is a determination of guilty, as defined by Rule 26.1(c) of a criminal offense by the court which placed a probationer on probation, no violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense."

The rules, prior to amendment, did not contain the foregoing provision. Appellant contends that since the petition for revocation was filed prior to the effective date of the amendment, the court should have proceeded under the old rule. We do not agree. The order amending the 1973 rule provides:

"It is ordered that the 1973 Arizona Rules of Criminal Procedure with Forms are hereby amended by deleting the existing said Rule, or part thereof or form and substituting the Rules and parts thereof and Forms attached hereto in lieu thereof, to be effective 1 August 1975, except that the amendment to the provisions of Rule 8 shall be effective as to all cases commenced after midnight 31 July 1975." 1975 Revisions to 1973 Arizona Rules of Criminal Procedure and Forms.

The foregoing order shows that the amendment effective August ·1, 1975, applied to all pending cases except as to the provisions of Rule 8 and of course except as to those cases commenced prior to September 1, 1973.

■ Appellant further claims that if Rule 27.7(e) is applicable it was not followed. Specifically, he contends that before the Rule applies, the judge who entered the judgment of guilt on the offense which forms the basis of the revocation must be the same judge who placed him on probation. He points out that Judge Collins was the judge who placed him on probation but Judge Buchanan entered the

judgment of guilt on the second offense. This argument is without merit. The Rule does not require a determination of guilty by the *judge* who placed him on probation. It only requires a determination by the *court* which placed him on probation. Both judges serve on the Pima County Superior Court. Therefore, the Rule was satisfied and the due process requirement of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) were met. See, *State v. Vasquez*, 22 Ariz.App. 37, 523 P.2d 88 (1974); *State ex rel. Bertrand v. Hunt*, 308 So.2d 760 (La.1975).[2]

■ The fact that the practice of deferring the hearing on probation revocation until after the adjudication on the criminal charges was expressly disapproved of in *State v. Jameson*, 112 Ariz. 315, 541 P.2d 912 (1975) does not operate to invalidate the revocation.

■ Appellant claims the court erred when it failed to inform him at his initial appearance, pursuant to Rule 27.7c, Arizona Rules of Criminal Procedure 1973, that any statement he made prior to the hearing might be used against him. We can perceive no prejudice to appellant by this failure since he made no statement other than a denial of any violation of probation.

■ It is also contended that the court erred at the probable cause hearing held on December 24, 1974, when it failed to comply with Rule 27.7c(1) and 27.7c(2), Rules of Criminal Procedure 1973 by failing to (1) inform him that regardless of the outcome of the revocation matter he could still be tried for the related offense and that any statements he made at the revocation hearing could be used to impeach his testimony, and (2) to specifically ask him if he admitted or denied the allegations of the petition for revocation. We find no prejudicial error assuming, arguendo, that the foregoing rules apply to a probable

2. Under the rule the dispositional hearing should have been held by Judge Buchanan when he sentenced appellant on the conviction, however, we perceive no prejudice by his failure to comply with the rules.

cause hearing. Appellant did not testify or make any statements at the probable cause hearing and he had previously, sua sponte, denied the allegations of the petition.

■ Appellant's last contention is that the basis of the revocation of probation on October 17, 1975, was that he had possessed a quantity of heroin for sale whereas, he was only convicted of simple possession of heroin. Appellant was tried for possession for sale but the jury only found him guilty of possession. It is easy to see why the court bases its revocation on possession of heroin for sale since in addition to the judgment of conviction, the court took into consideration other testimony which would lead to the conclusion that the heroin was possessed for sale. The taking of the additional testimony in this case was a mere gratuity since the conviction for possession in and of itself provided a basis for the revocation of probation. The court did not err in revoking appellant's probation even though it did so on the basis of possession of heroin for sale.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.