549 P.2d 1054
**STATE of Arizona, Appellee,**

v.

**Steve Roy SHAPIRO, Appellant.**

**No. I CA–CR I284.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 18, 1976.
Rehearing Denied June 22, 1976.
Review Denied July 20, 1976.

Bruce E. Babbitt, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge.

Defendant raises two questions on this delayed appeal from the revocation of his probation and the resulting imposition of sentence.

■ He first urges that the revocation of probation was not valid because the trial judge failed to comply with the provisions of Rule 27.8, Rules of Criminal Procedure, 17 A.R.S., in accepting his admission of violation of the conditions of his probation. The charged violation was that while defendant was on probation he had been arrested and charged with possession of marijuana, a felony, and that he had subsequently pled guilty in the same proceedings to a reduced charge, possession of marijuana, a misdemeanor. The record reveals that at the time scheduled for the probation violation hearing, the trial judge did not make the determinations specified in Rules 17.2 and 17.3, as provided in Rule 27.8.[1] Defendant, relying upon *State v. Tash,* 23 Ariz.App. 299, 532 P.2d 874 (1975), contends that this failure requires reversal. We disagree.

The alleged probation violations in *Tash* did not involve a situation where the defendant had already been convicted of the charges constituting the violation of the conditions of probation. We have held that where the defendant has in fact been previously convicted in the same court and the revocation of probation is being made upon the basis of that previous conviction, there is no logical need for, or requirement that, the court comply with the provisions of Rules 27.7(c)(2) or 27.8. *State v. Garrison,* 25 Ariz.App. 470, 544 P.2d 687 (1976). *See also, State v. Burnett,* 112 Ariz. 212, 540 P.2d 684 (1975).

■ The principle enunciated in these decisions has now been expressly stated in the 1975 revisions to the Rules of Criminal Procedure. Rule 27.7(e), now provides as follows:

> "e. *Disposition Upon Determination of Guilt of Subsequent Offense.* If there is a determination of guilty, as defined by Rule 26.1(c) of a criminal offense by the court which placed a probationer on probation, no violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense."

Rule 27.7(e)'s reference to "a determination of guilty . . . *by the court* which placed a probationer on probation" (emphasis added) does not require that the same *judge* be involved in both proceedings. The requirement is met when the proceedings are in different divisions of the superior court of the same county. *State v. Astorga,* Ariz.App., 547 P.2d 1060 (filed March 31, 1976.)

■ Here the record demonstrates a complete awareness on the trial judge's part of the defendant's conviction of the probation violation charges in other proceedings in the Maricopa County Superior Court. As held in *Garrison, supra,* under these circumstances, even though the revo-

1. All references in this opinion, unless otherwise specified, are to the 1973 Rules of Criminal Procedure, as they existed prior to the 1975 revisions.

cation proceedings pre-dated the 1975 rule revisions, there was no need to comply with the then existing requirements of Rules 27.7(c)(2) or 27.8.

 At the time defendant was placed on probation, one of the conditions of probation was that he spend three months in the Maricopa County Jail. Upon revocation of his probation, he was sentenced to a term of imprisonment in the Arizona State Prison for not less than five nor more than seven years, with no express credit being given for the three months probationary jail time. The statute governing defendant's sentence, A.R.S. § 36–1002.07A allows imprisonment in the Arizona State Prison for a term of from five years to life, with an additional provision that the defendant "shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than three years." Defendant contends that the trial court's failure to require that his three months probationary jail time be credited against the mandatory three year minimum prison time constitutes a denial of equal protection of the law under the principles enunciated in *State v. Sutton*, 21 Ariz.App. 550, 521 P.2d 1008 (1974) and *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L. Ed.2d 586 (1970). In this Court's recently filed opinion in *State v. Fuentes*, Ariz.App., 549 P.2d 224 (filed April 27, 1976), we have given thorough consideration to the Arizona statutory scheme involving the relationship between probation jail time and a subsequently imposed prison sentence, and have rejected the contention that equal protection principles require that any credit be given against the subsequently imposed prison term for time served in the county jail as a condition of probation. Our reasoning set forth in *Fuentes, supra,* is equally applicable here.

The judgment and sentence are affirmed.

EUBANK, P. J., and NELSON, J., concur.