564 P.2d 101

**The STATE of Arizona, Appellee,**

v.

**Francis P. GRAY, Appellant.**

**No. 2 CA–CR 791.**

Court of Appeals of Arizona, Division 2.

March 29, 1977.

Rehearing Denied April 27, 1977.

Bruce E. Babbitt, Atty. Gen. by Heather Sigworth, Asst. Atty. Gen., Tucson, for appellee.

Sevrin J. Huselid, Globe, for appellant.

RICHMOND, Judge.

An order revoking appellant's probation and sentencing him to imprisonment in the state prison for a term of not less than two nor more than three years is the subject of this appeal.

Appellant entered a plea of guilty to a charge of possession of marijuana, a felony, on January 29, 1975, and the imposition of sentence was suspended for one year on condition that he (1) pay a $300 fine plus $30 surcharge; (2) not violate any laws, and (3) not associate with any known drug users. Appellant was subsequently arrested in Tucson on charges of possession of narcotic drugs for sale on August 18, 1975. A petition to revoke his probation was filed in Gila County Superior Court on August 21. A warrant was issued for appellant's arrest on August 22 but he was not returned to Gila County until completion of all proceedings related to the Pima County charges, on which he also was placed on probation. At his revocation hearing in Gila County he admitted the probation violation, and on December 9, 1975, he was sentenced to serve two to three years in the Arizona State Prison, commencing September 1, 1975.

Appellant's appeal in this court was stayed to allow him to file a motion under Rule 32, Rules of Criminal Procedure, for post conviction relief. Upon that motion being dismissed in Gila County, this appeal was reinstated for our decision. As to the contentions directed to the Gila County conviction, the underlying conviction cannot be attacked on appeal from a probation revo-

cation. *State v. Fuentes,* 113 Ariz. 285, 551 P.2d 554 (1976). Those issues, therefore, although raised properly on the Rule 32 motion, will not be considered on this appeal. In any case, we have reviewed the entire record and find no fundamental error.

Properly before us is appellant's contention that he was denied a prompt hearing on the petition to revoke probation. He cites *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), for the proposition that due process requires that a revocation hearing be held within a reasonable time after a probationer is taken into custody. This argument is reinforced by *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975), in which the supreme court of this state expressly disapproved the practice of deferring the hearing on probation revocation until after the adjudication of guilt or innocence on the criminal charge when both proceedings are based upon the same facts. Unlike *Jameson,* however, the situation here involves a problem of logistics between superior court hearings in different counties. Delay was not unwarranted under the circumstances and appellant has demonstrated no prejudice.

Appellant next contends that he was not given a revocation arraignment as such. The transcript of the initial appearance on November 5, 1975, and the revocation hearing on November 19, 1975, shows, however, that appellant was informed of the charge which formed the basis for the petition to revoke his probation. At the November 19 hearing any time periods required by Rule 27.7 were expressly waived. Appellant admitted that he understood the nature of the allegations and the court informed him of the potential effect of his admission of the violation. Appellant's contention is without merit.

Appellant raises two final points in regard to his sentence. He first maintains that the court did not take into consideration his previous incarceration within the meaning of Rule 26.10(b)(2), Rules of Criminal Procedure, in imposing sentence. While the record contains no specific mention of the consideration of the prior time spent in confinement, the sentence was set to begin on September 1, 1975, rather than as of the date of sentencing, December 9, 1975, and from that it is to be inferred that the court did indeed take the prior confinement into consideration. Such an inference is allowed under *State v. Jameson,* supra.

Appellant's other contention in regard to sentencing is that the sentence of from two to three years in the Arizona State Prison was improper because the original violation was treated as a misdemeanor when he was given a one-year suspended sentence, a probationary term and a $300 fine as a condition of probation. Under A.R.S. 13–103(B):

"When a crime or public offense punishable by imprisonment in the state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a sentence imposing a punishment other than imprisonment in the state prison."

The plea agreement and minute entry of January 29, 1975, reflect that appellant pled guilty to a felony. In light of *State v. Pitts,* 26 Ariz.App. 390, 548 P.2d 1202 (1976), it was improper to impose the fine as a condition of appellant's probation and that part of the order was a nullity. While an infirmity does exist, it has not transformed the nature of the offense from a felony to a misdemeanor. The imposition of sentence was suspended for one year, and the sentence of two to three years was the first sentence actually imposed. Under A.R.S. 36–1002.05, it was possible for the court at that time to impose a sentence of imprisonment in the state prison for not less than one year nor more than ten years or for the first offense, as in this case, to impose a fine not exceeding $1,000, imprisonment in the county jail or both. At the time of sentencing, however, the crime was classified as a felony.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.