569 P.2d 817

**STATE of Arizona, Appellee,**

v.

**Joseph Clarence SMITH, Jr., Appellant.**

**Nos. 2961, 2962 and 3691.**

Supreme Court of Arizona,
En Banc.

Sept. 16, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Stephen A. Gerst, Phoenix, for appellant.

HAYS, Justice.

The appellant, Joseph Clarence Smith, Jr., was tried and convicted by a jury on August 9, 1976, of the crime of rape, first degree.

Appellant had previously been convicted on two separate counts of rape, first degree, on December 4, 1973. For the two prior rape convictions, appellant was given five years probation; a condition of the probation was that the appellant serve one year in the Maricopa County Jail. This condition was subsequently modified, and appellant was released from the Maricopa County Jail after serving only six months.

After the conviction on the most recent rape charge, the court, on September 7, 1976, entered its order finding that the appellant violated the terms of his probation in the first two rape convictions and revoked the probation under both prior convictions. The court then sentenced appellant to the Arizona State Prison for a period of five years to life for one of the previous rape convictions, ten years to life on the other previous rape conviction, and seventy-five years to life on the most recent rape conviction; all sentences to run consecutively.

Timely notices of appeal from the probation revocation and from the most recent rape conviction were filed, and the two appeals have been consolidated. This is an appeal directly to the Arizona Supreme Court pursuant to A.R.S. § 13-1711.

At the most recent rape trial the victim testified that on February 13, 1975, she was walking in Phoenix toward her home from a friend's home when she was offered a ride. Instead of taking her home, the male driver drove her to the approximate vicinity of 51st Avenue and Pinnacle Peak Road, a rather untraveled and isolated area.

The victim further testified that she did not attempt to jump out of the car because she was about four months pregnant at the time. Upon arriving at this remote area, the victim testified that the driver stopped the car, fondled her breasts, obtained a knife from somewhere near the driver's seat, prodded her ribs and stomach with the knife and told her that he would kill her if she did not shut up and cooperate.

The driver then took off the victim's clothes, tied her hands behind her back, and had sexual intercourse with her in the front seat of the car. The victim also testified that the driver obtained a Pepsi bottle from somewhere within the car, placed it in her vagina, forced her to commit an act of fellatio, and also committed sodomy upon her.

Within hours of the rape, the victim described the vehicle in which she was raped to investigating officers. Unique details of the victim's description of the vehicle were a white stripe on the exterior, fake fur on some parts of the interior, and books and papers in the back seat. Several months later, the victim identified appellant's car as the car in which she had been raped. Other witnesses also identified this same car as the appellant's car.

In a police lineup, the victim identified the appellant as the rapist and she also identified him in court.

Another witness testified that appellant was a student who habitually kept his school books and papers in the back seat of his car, that appellant often carried Pepsi bottles in the back seat of his car, and that, under the driver's seat, he frequently kept a knife similar to the knife with which the victim said she was threatened.

Appellant's counsel filed an *"Anders* brief," raising as a possible issue the trial court's denial of a motion for change of venue. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we have reviewed the entire record, and we find no error justifying reversal of either the latest conviction or the probation revocations.

With specific reference to the denial of the motion for change of venue, we conclude that the trial court did not err in refusing to allow change of venue for the following reasons:

Defendant subpoenaed officials of various news media to the hearing on the motion for change of venue. The testimony of these witnesses and the documents which they were ordered to bring with them did indicate that appellant had been the subject of several news stories in the few weeks before the hearing and that some of these stories had mentioned that appellant was a suspect in the "desert slayings," which slayings were of considerable concern to the people of Phoenix. However, the appellant failed to show at the change of venue hearing or at the trial itself that these news stories had made it probable that he could not get a fair trial in Phoenix.

■ A defendant seeking a change of venue based on pretrial publicity bears the burden of proof, and he must show that the publicity has been so extensive and so prejudicial as to create the probability that he will be denied a fair trial. *State v. McGee,* 91 Ariz. 101, 370 P.2d 261, *cert. denied,* 371 U.S. 844, 9 L.Ed.2d 79, 83 S.Ct. 75 (1962); 17 A.R.S. Rules of Criminal Procedure, rule 10.3(b).

■ Furthermore, a change of venue is not required unless the defendant can demonstrate that the publicity has reached the jury panel and that jurors both have formed and are unable to lay aside preconceived notions regarding the defendant's guilt. *State v. Endreson,* 109 Ariz. 117, 506 P.2d 248 (1973).

In the instant case it appears that the news coverage had little effect on the jury panel. Twenty-six persons comprised the initial jury panel. The court determined by inquiry that of these twenty-six, only two had any familiarity with the appellant and the facts of the case. The court asked these persons if they could place aside anything they already knew about the case and any notions they may have formed relating to the case. The court also asked these two prospective jurors if they *would* place aside such prior knowledge and preconceived notions about the case. Both persons stated that they could and would do so. Only one person who had heard anything about the case sat on the jury. Presumably, the entire jury and alternates swore that they would render a verdict in accordance with the law and evidence presented as required by 17 A.R.S. Rules of Criminal Procedure, rule 18.6(b). Under these circumstances, we do not believe that pretrial publicity prevented appellant from getting a fair trial.

■ Reversal is not required merely because a juror knew something about the case from publicity. *State v. Watson,* 114 Ariz. 1, 559 P.2d 121 (1976).

There were no circumstances present in this case even approaching in severity those which have been held to necessitate a trial judge to take special measures to counter adverse pretrial publicity. *See, e. g., Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966) (carnival atmosphere prevailed); *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965) (trial televised); *Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961) (90% of prospective jurors had formed an opinion as to defendant's guilt).

Additionally, in this case the impact of the pretrial publicity on the jury was not as severe as in other cases in which it has been held that a motion for change of venue based on pretrial publicity was properly denied. *See, e. g., Endreson, supra* (six of the twelve jurors finally impanelled had prior knowledge of case); *State v. Schmid,* 107 Ariz. 191, 484 P.2d 187 (1971) (all impanelled jurors had some knowledge of case).

■ It is within the discretion of the trial court to grant or deny a motion for change of venue based upon pretrial publicity. The trial court's ruling will not be overturned on appeal absent a clear abuse of discretion and evidence that the ruling has prejudiced the defendant. *State v. Ferrari,* 112 Ariz. 324, 541 P.2d 921 (1975). In the instant case we find no indication that the trial court abused its discretion in denying the motion for change of venue, and we find no evidence that denial of the motion was prejudicial to the appellant.

■ Regarding the revocation of probation for the two previous rape convictions, we find that probation was properly revoked. At the time of his probation, appellant was given a written copy of the terms of his probation. Among these terms was the requirement that he be a law-abiding citizen for the duration of his probation. Appellant was convicted of a third rape during his probation period. This conviction adequately supports a finding that the appellant violated a term of his probation and justified the court in revoking his probation under 17 A.R.S. Rules of Criminal Procedure, rule 27.7(e); *see also State v. Shapiro,* 26 Ariz.App. 536, 549 P.2d 1054 (1976); *State v. Astorga,* 26 Ariz.App. 260, 547 P.2d 1060 (1976).

The judgment of conviction and the probation revocations are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.