826 P.2d 346

**STATE of Arizona, Appellee,**

**v.**

**Michael GLAD, Appellant.**

**No. 1 CA–CR 91–0152.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 18, 1992.

**484**

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., and Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

Richard D. Engler, Yuma, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

The defendant was originally found guilty of conspiracy to sell a dangerous drug and placed on probation. Subsequently, a petition to revoke probation was filed which alleged that he had violated the conditions of his probation by possessing a dangerous drug. Separate criminal charges were also filed against the defendant for possession of a dangerous drug. This appeal relates only to the revocation of probation.

■ At the revocation hearing at which the defendant admitted the violation, the trial judge failed to advise the defendant, pursuant to Rule 27.8(e) of the Arizona Rules of Criminal Procedure, that any statement made by him at the hearing could be used to impeach his testimony at a subsequent trial on the criminal charges. The trial judge did, however, ascertain that the admission was otherwise knowing and voluntary.

The trial judge revoked the defendant's probation and sentenced him to prison for the presumptive term of seven years with credit for 117 days of presentence incarceration. Subsequently, the defendant pled guilty to the drug charge and was sentenced to prison for the presumptive term of six years.

The defendant, relying on *State v. Valentine*, 154 Ariz. 332, 742 P.2d 833 (1987), argues that it was fundamental error for the trial court not to advise him that his admission of a violation of probation could be used against him at trial on the charge of possession of a dangerous drug, and he asserts that the remedy for this error is a reversal of the revocation order and remand to the trial court for further proceedings. He asserts that his admission prejudiced him by destroying any chance he had to defend against the subsequent prosecution.

The alleged prejudice relates more to the defendant's plea in the criminal prosecution for possessing a dangerous drug than it does to this case. Moreover, the defendant suggests, but does not unequivocally assert, that he would not have admitted to a violation of probation at the revocation hearing had he known that the admission could be used against him later.

■ The trial judge erred by failing to comply with Rule 27.8(e). However, on this unsupplemented record, we cannot presume that the defendant would not have admitted to a violation of probation if he knew that his admission could be used against him at a trial on the criminal charges.[1] If he wishes to pursue relief on that basis, he must petition for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. *See*

---

1. If the defendant was not advised that his admission could be used against him in the subsequent criminal trial, an argument might be made that it could not be used. Since the parties neither raised nor briefed this point, we will not decide it.

*State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987), which impliedly overrules the practice of reversal and remand that we followed in *State v. Valentine.* We designate this a published opinion to call attention to the fact that the procedure we followed in *Valentine* is now inappropriate.

We affirm the order of the trial court revoking probation and the sentence imposed without prejudice to allow the defendant to file a petition for post-conviction relief pursuant to a Rule 32 motion.

CONTRERAS, P.J., and FIDEL, J., concur.