853 P.2d 1130

**STATE of Arizona, Appellee,**

v.

**James Joseph ZANZOT, Appellant.**

**No. 1 CA–CR 92–1191.**

Court of Appeals of Arizona, Division 1, Department B.

May 25, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Mona Peugh–Baskin, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

The sole issue on appeal from the revocation of defendant's probation is whether a trial judge in Maricopa County Superior Court may rely upon the automatic revocation provisions of Rule 27.7(e),[1] Arizona Rules of Criminal Procedure, to dispense with the requirement to hold a violation hearing when a probationer admits he has pled guilty to a subsequent offense in a city court.

Appellant James Joseph Zanzot (defendant) appeals from the trial court's revocation of his probation, and imposition of an aggravated sentence of 1.875 years for the crime of trespass in the first degree, a class 6 felony. Defendant had been placed on three years intensive probation on March 27, 1992, pursuant to a plea agreement. Less than one month later, defendant admitted to violating the terms of his probation, and he was reinstated on intensive probation on the condition that he serve a jail term of twelve months beginning September 1, 1992. Prior to this date, however, defendant was arrested and subsequently found guilty of trespass in Phoenix City Court, and a petition to revoke his probation was filed. At his violation hearing, defendant admitted he had pled guilty in city court, and the trial court found an automatic violation of the terms and conditions of his probation.

Defendant contends that there was a failure to comply with Rule 27.8[2] at the violation hearing. The state concedes that the trial court did not comply with the terms of this rule, but argues that such compliance was unnecessary under the provisions of Rule 27.7(e), Arizona Rules of Criminal Procedure. The state also argues that this issue is one that should be raised under Rule 32, Arizona Rules of Criminal Procedure, rather than on direct appeal. Defendant argues that Rule 27.7(e) does not apply in this case because the determination of guilt was made in a city court rather than in Maricopa County Superior Court.

■ The state first argues that this court's opinion in *State v. Glad* requires that issues regarding a trial court's failure to comply with the terms of Rule 27.8 first be raised by petition under Rule 32, Arizona Rules of Criminal Procedure. 170 Ariz. 483, 826 P.2d 346 (App.1992). We find that a supplemented record is not required to address the issue raised on this appeal. In *Glad,* this court found that the trial judge erred by failing to advise the defendant pursuant to Rule 27.8(e) that his admission at the violation hearing could be used as impeachment at a *subsequent* trial on the criminal charge for possession of a dangerous drug that formed the basis of the admitted violation. *Id.* at 484, 826 P.2d at 347. Despite this error, this court held that a supplemented record was required to determine whether the defendant would have admitted the violation had he been aware that this admission could later be used against him. *Id.* In the present case, however, defendant had already been convicted of the underlying criminal charge, and does not claim otherwise.[3] Defendant also makes no claim that his admission was involuntary, coerced, or the result of his misunderstanding the nature or consequences of the alleged violation. Furthermore, the record clearly indicates that defendant was aware of the Rule 27.8 rights he was waiving because he had been prop-

---

1. Rule 27.7(e) provides:

   **Disposition Upon Determination of Guilt of Subsequent Offense.** If there is a determination of guilt, as defined by Rule 26.1(c) of a criminal offense by the court which placed a probationer on probation, no violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense.

2. Rule 27.8 sets forth the matters about which the trial court must personally address a defen-

dant before accepting an admission that defendant has violated a condition of probation as a voluntary admission.

3. If, however, defendant had an argument that the city court conviction was not for a crime committed by him, or was procedurally invalid in some way, he could raise that issue in the trial court by a petition for post-conviction relief. *See* Rule 32. We do not, in the content of this appeal, address the validity of that conviction.

erly advised of those rights at the prior violation hearing from his first revocation and subsequent reinstatement. A supplemented record, therefore, is not required in this case. *Cf. State v. Grijalba*, 157 Ariz. 112, 115, 755 P.2d 417, 420 (1988) (where it is clear from the record that the trial court's failure to specify the amount of restitution was not a relevant factor in the defendant's decision to plead guilty, an appellate court will uphold the conviction without a supplemented record).

■ We, therefore, reach the merits of the issue. Rule 27.8 requires the trial judge to personally address a probationer before accepting an admission to a violation of a term or condition of probation, and requires the trial judge to determine that the probationer understands the nature of the admitted violation and his rights to counsel, to cross-examine witnesses, and to present witnesses at a violation hearing. The court must further specifically determine that "the probationer wishes to forego these rights, that his or her admission is voluntary and not the result of force, threats or promises and that there is a factual basis for the admission." Rule 27.-8(f). The state admits, and it is clear from the record, that the trial judge did not comply with Rule 27.8, but instead found an automatic probation violation for which a violation hearing need not be held under Rule 27.7(e). Although defendant did not object to this procedure at the violation hearing, he now argues that the court's failure to comply with Rule 27.8 was fundamental error because Rule 27.7(e) applies only when the determination of guilt on a subsequent offense was made "by the court which placed a probationer on probation." Rule 27.7(e). In this case, defendant pled guilty to the charge of trespassing in Phoenix City Court, not Maricopa County Superior Court.

We agree with defendant that the trial judge erred by finding an automatic violation pursuant to Rule 27.7(e) when the determination of guilt on the subsequent of-

fense was made in Phoenix City Court. *Cf. State v. Astorga*, 26 Ariz.App. 260, 261, 547 P.2d 1060, 1061 (1976) (no violation hearing required under Rule 27.7(e) where judge who determined guilt and judge who revoked defendant's probation were both judges of Pima County Superior Court); *State v. Shapiro*, 26 Ariz.App. 536, 537, 549 P.2d 1054, 1055 (1976) (no violation hearing required under Rule 27.7(e) where judge determining guilt and revoking probation are both judges "in different divisions of the superior court of the same county").

■ We find, however, that the error is a technical error that is harmless beyond a reasonable doubt. *See State v. Ybarra*, 149 Ariz. 118, 120, 716 P.2d 1055, 1057 (App.1986). On appeal, defendant does not deny that he was convicted in Phoenix City Court for the subsequent trespass, nor does he allege any defect in the proceedings before the city court. At the violation hearing, the trial judge addressed defendant, who admitted to violating one of the terms of his probation in that he entered a plea of guilty in city court. This conviction on a subsequent offense was verified at the disposition hearing, and was also verified in the presentence report. It is clear from the record that defendant pled guilty to and was convicted of trespass while he was on probation, and that this conviction was a violation of the terms and conditions of his probation. The record also indicates defendant was aware of the rights he was waiving from his prior admission to a violation of probation. Any error in failing to comply with Rule 27.8 in this case was harmless beyond a reasonable doubt, and, thus, not fundamental error. *State v. King*, 158 Ariz. 419, 424 n. 4, 763 P.2d 239, 244 n. 4 (1988). Defendant, therefore, waived the error by failing to object in the trial court. *State v. Gendron*, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991).[4]

We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035 and found none. For the foregoing rea-

---

**4.** Had the error now claimed been brought to the attention of the trial court, it could have had the opportunity to proceed in a proper manner. Whether the harmless error analysis utilized here would apply had a proper objection been made, we need not decide at this time.

sons, we affirm the trial court's order revoking probation and the disposition.

GRANT and WEISBERG, JJ., concur.