895 P.2d 1002

STATE of Arizona, Appellee,

v.

Craig Richard FLEMMING, Appellant.

No. 1 CA–CR 93–0276.

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 8, 1994.

Review Granted on Issues A and C and
Denied on other Issues May 23, 1995.

Grant Woods, Atty. Gen. by Paul J.
McMurdie, Chief Counsel, Crim. Appeals,
and Robert S. Golden, Asst. Atty. Gen.,
Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy
Public Defender, Phoenix, for appellant.

## OPINION

CLABORNE, Judge.

Craig Richard Flemming ("Flemming") appeals from the two-year prison sentence that was imposed following the revocation of his probation for attempted robbery. He alleges that the sentencing court erred by:

1.  failing to hold a probation violation hearing,
2.  failing to hold a mitigation hearing,
3.  failing to dismiss the petition for revocation as untimely, and
4.  incorrectly calculating his presentence incarceration credit.

Although we agree that Flemming is entitled to an additional thirty-one days of presentence incarceration credit, we disagree that reversal is warranted and, therefore, affirm the trial court's revocation of probation and the sentence imposed.

## FACTS AND PROCEDURAL HISTORY

Pursuant to a written agreement with the State, Flemming pled guilty on December 5, 1988, to one count of attempted robbery, a class five felony. The trial court accepted the plea after finding that it was made knowingly, intelligently, and voluntarily. The court suspended imposition of sentence and placed him on three years probation, conditioned on serving thirty days in the Maricopa County Jail. The court also ordered him to pay a $100 felony assessment fee, $60 in restitution, and $30 a month for probation services.

On December 5, 1990, the Maricopa County Attorney's Office filed a petition to revoke probation based on Flemming's arrest in Pinal County on various drug charges and based on his failure to make a monthly probation services payment. On October 21, 1991, prior to the expiration of his three-year probation, Flemming pled guilty in Pinal County Superior Court to selling less than one pound of marijuana and to transporting less than eight pounds of marijuana for sale. He was sentenced to seven- and ten-year prison terms respectively. While Flemming was serving the sentences, the Maricopa County Attorney's Office filed a petition to secure his appearance in Maricopa County on the revocation petition.

A hearing was held in Maricopa County Superior Court on March 23, 1993, regarding the County Attorney's petition to revoke probation. The trial court found that, by virtue of his guilty pleas in Pinal County Superior Court, Flemming was in automatic violation of the first condition of his probation, which required him to obey all laws. The trial court then sentenced him to a two-year presumptive prison term to run consecutively to the sentence imposed by the Pinal County court. Flemming timely appealed.

## DISCUSSION

### Probation Violation Hearing

Flemming contends that the trial court erred by finding him in automatic violation of probation pursuant to Arizona Rules of Criminal Procedure 27.7(e) (Supp.1993). According to Flemming, the court was not empowered to forgo a violation hearing under that rule because the court that placed him on probation and the court that found him guilty of the subsequent offenses were located in different counties. We disagree.

Because Flemming did not object at the time of the proceeding, the issue is whether the trial court's failure to hold a violation hearing constitutes fundamental error. See State v. Zanzot, 175 Ariz. 83, 85, 853 P.2d 1130, 1132 (App.1993).

Since we find no error at all in the trial court's application of Rule 27.7(e), there was, of course, no fundamental error. A probationer is entitled to a hearing before his probation can be revoked. Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 482–85, 92 S.Ct. 2593, 2600–02, 33 L.Ed.2d 484 (1972). However, a violation hearing is not required before revoking probation when the same court that imposed probation also finds the probationer guilty of a subsequent offense. See Rule

27.7(e)[1]; *State v. Vasquez,* 22 Ariz.App. 37, 41, 523 P.2d 88, 91 (1974) (citation omitted).

■ We hold that the superior courts of different counties constitute the "same" court for purposes of applying Rule 27.7(e). This Court has said that "[t]here is but one Superior Court in the State of Arizona." *Massengill v. Superior Court,* 3 Ariz.App. 588, 591, 416 P.2d 1009, 1012 (1966); *see also* Ariz. Const. art. VI, § 1. We discern no rationale for distinguishing between superior courts of different counties for purposes of applying Rule 27.7(e). "What is needed [before revoking parole] is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Morrissey,* 408 U.S. at 484, 92 S.Ct. at 2602. The same standard applies to probation revocations. *Gagnon,* 411 U.S. at 782, 93 S.Ct. at 1759–60.

The purpose of Rule 27.7(e) is "to conserve judicial effort," and "[i]f there has been a prior judicial determination as to the truth of the facts upon which the petition for revocation is based, there is no need to go through it again." *State v. Johnson,* 117 Ariz. 9, 11, 570 P.2d 780, 782 (App.1977).

In *State v. Vasquez,* 22 Ariz.App. at 40–41, 523 P.2d at 91–92, this Court held that the revocation and sentencing stage of a probation revocation proceeding need not be bifurcated. In so holding, we said that where a revocation finding is based on a prior determination of guilt by trial or by plea, due process of law has been adequately safeguarded. *Id. Morrissey* prohibits a finding of automatic violation "only when the charges against the [probationer] are not based upon criminal charges which are being prosecuted under the criminal law." *Id.* at 40, 523 P.2d

at 91 (citation omitted). The Court in *Vasquez* pointed out:

When a parolee is arrested and prosecuted on criminal charges, the criminal prosecution itself is adequate protection against the evils and dangers *Morrissey* was designed to protect against.

If the preliminary hearing is waived and the parolee pleads guilty or is found guilty after trial, conviction of crime by a court under the stringent standards of proof, stricter procedural requirements, and the antiseptic atmosphere of the courtroom afford the parolee far more protection than do the preliminary hearing procedures announced in *Morrissey.* If the parolee was convicted of a crime forming the basis of the revocation proceedings, there was *obviously* probable cause to hold him for a parole violation.

*Id.* at 41, 523 P.2d at 92 (citation omitted).

We are guided further by the holdings in *State v. Shapiro,* 26 Ariz.App. 536, 549 P.2d 1054 (1976), and *State v. Astorga,* 26 Ariz. App. 260, 547 P.2d 1060 (1976). Those cases held that automatic revocation under Rule 27.7(e) does not require that the same judge who imposed probation also determine the probationer's guilt of a subsequent offense. *Shapiro,* 26 Ariz.App. at 537, 549 P.2d at 1055; *Astorga,* 26 Ariz.App. at 262, 547 P.2d at 1062. There is no reason to impose a same-county requirement when there is no same-judge requirement. The only potential justification for imposing a same-county requirement would be because a court of the same county may have more familiarity with a probationer's history relevant to the proceedings. However, if that was a constitutionally compelling justification, then there would be a same-judge requirement, which *Shapiro* and *Astorga* hold there is not.

---

1. Rule 27.7(e) provides:
   **Disposition Upon Determination of Guilt of Subsequent Offense.** If there is a determination of guilt, as defined by Rule 26.1(c) of a criminal offense by *the court* which placed a probationer on probation, no violation hearing shall be required and *the court* shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense.

   Rule 26.1(c) (Supp.1993) provides:
   **Determination of guilt.** The term determination of guilt means a verdict of guilty by a jury, a finding of guilt by a court following a non-jury trial, or the acceptance by the court of a plea of guilty or no contest.
   (Emphasis added.)

■ We disagree with Flemming's contention that *Shapiro, Astorga,* and *Zanzot* support his position. Although the courts that imposed probation and found the probationers guilty in *Shapiro* and *Astorga* happened to be of the same county, the parties did not raise, nor did the Court of Appeals address, whether there is a same-county requirement. *Zanzot,* which held that the Maricopa County Superior Court and Phoenix City Court do not constitute the same court for purposes of Rule 27.7(e), does not impose a same-county requirement, as Flemming claims.

Even if the trial court erred, it was not fundamental because, as in *Zanzot,* the error was harmless. On appeal, Flemming does not deny that he pled guilty to the Pinal County charges. Flemming admitted before sentencing that he had pled guilty. The record reveals that his conviction on the Pinal County charge was verified during the disposition hearing and that this conviction violated the terms of his probation. Under these circumstances, we can envision no defense that Flemming could have advanced to prevent revocation of his probation.

## Mitigation Hearing

■ We disagree with Flemming's contention that he is entitled to resentencing because the trial court failed to hold a mitigation hearing. Flemming is correct that a probationer is entitled to a mitigation hearing. *State v. Talton,* 153 Ariz. 433, 435, 737 P.2d 409, 411 (App.1987). However, a probationer must request the hearing "prior to sentencing." *State v. Asbury,* 145 Ariz. 381, 385, 701 P.2d 1189, 1193 (App.1984). Flemming failed to make a timely request for a mitigation hearing because he requested it after the judge pronounced sentence.

Flemming incorrectly asserts that *Talton* overruled *Asbury* and gives him an absolute right to a hearing regardless of whether he requested it. He overlooks the fact that the probationer in *Talton* requested a hearing before sentencing. In addition, nothing in *Gagnon* supports Flemming's claim that a mitigation hearing must be held regardless of a probationer's failure to request one.

■ We also observe that Flemming has failed to demonstrate that absence of a mitigation hearing prejudiced him. The record reveals that mitigation matters were presented to the court during the course of the disposition hearing,[2] thereby affording Flemming the very opportunity he now claims he was denied. Thus, even if the trial court erred by refusing a continuance for a mitigation hearing, the error does not warrant reversal. *Cf. Asbury,* 145 Ariz. at 385–86, 701 P.2d at 1193–94 (reversal not warranted where trial court's denial of continuance for presentence hearing did not prejudice defendant who was not prepared to present court with "any matters which had not already been considered").

## Timeliness of Revocation Proceeding

We do not condone the seventeen-month delay between Flemming's Pinal County adjudication and his revocation hearing. However, we reject Flemming's claim that the delay compels us to vacate the revocation.

■ The "problem of logistics" that persuaded Division Two of this Court to excuse the delay resulting from the involvement of different counties is also persuasive in the instant case. *See State v. Gray,* 115 Ariz. 150, 152, 564 P.2d 101, 103 (App.1977). More importantly, Flemming has demonstrated no prejudice from the delay. He was incarcerated during the delay and the purpose of a prompt hearing is to hold the proceeding "while information is fresh and sources are available." *Morrissey,* 408 U.S. at 485, 92 S.Ct. at 2602 (citation omitted). Flemming does not assert, nor do we find, that information relevant to his disposition was rendered unavailable or less effective by the delay.

2. Prior to pronouncing sentence, the trial judge asked Flemming whether he had "anything to say on [his] own behalf." Flemming responded that he had paid his fine and probation fees imposed in the original conviction prior to being arrested on the subsequent charges. He also explained that he had changed his life while incarcerated on the subsequent charge by attending college. He expressed a desire to pay society back for the wrongs he had committed in the past and described his professional goals, including a desire to attend a ministerial college and to counsel troubled youths. He also pointed out that he has never hurt anyone. Flemming indicated that these factors militated in favor of a mitigated sentence or a sentence concurrent to the sentence imposed on the subsequent conviction.

## Presentence Incarceration Credit

We agree with Flemming that he is entitled to presentence incarceration credit totalling eighty-eight days. He was in custody from September 14, 1988, to October 20, 1988, and from March 16, 1993, to April 6, 1993, when he was sentenced, a total of fifty-eight days. In addition, he was incarcerated for thirty days as a condition of probation for which he should receive credit. Ariz.Rev. Stat.Ann. ("A.R.S.") § 13-903(F) (1989). Thus, he is entitled to thirty-one days additional credit for a total of eighty-eight.

### CONCLUSION

We find no reversible error. Flemming's probation was properly revoked automatically because of his guilty plea in superior court to a subsequent offense. The trial court's failure to hold a mitigation hearing was not fundamental error and the petition to revoke probation was timely. We also searched the record for fundamental error pursuant to A.R.S. section 13-4035 (1989), and found none. Accordingly, we affirm the trial court's revocation of Flemming's probation and the sentence imposed, with the modification that he receive thirty-one days of additional presentence incarceration credit.

McGREGOR, P.J., and
KLEINSCHMIDT, concur.