477 P.2d 523

**STATE of Arizona, Appellee,**

v.

**Sid PRICE, Jr., Appellant.**

**No. 2116.**

Supreme Court of Arizona,
In Division.

Dec. 9, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Lewis & Roca, by Scott E. Little, Phoenix, for appellant.

McFARLAND, Justice.

Sid Price, Jr., hereinafter referred to as defendant, was tried and convicted of Count I—possession of marijuana, and Count II—sale of marijuana to one Edwin Scott. He was sentenced to serve not less than two nor more than three years on Count I and not less than five nor more than seven years on Count II, sentences to run concurrently. From the judgment and sentence he appeals.

Officer Scott met the defendant at approximately 9 P.M. on December 30, 1968. After conversation the officer followed the defendant to a different location where he left the officer and entered some apartments. When he returned he informed the officer that the man he went to see at the apartment was not at home and suggested the officer meet him at 10:30 that evening, telling him he would have the marijuana for him at that time.

At the scheduled time they met at the location of the first meeting and again proceeded to the same apartments. The defendant then told the officer "give me the money and I will be right back." The officer handed the defendant $125.00 and he entered the apartment complex. In about five minutes defendant returned with a kilo of marijuana and handed it to the officer.

The defendant presents three questions

"1. Is it error, under A.R.S. § 13–1641, to convict and sentence the appellant on charges of possessing marijuana for sale and of selling the same marijuana when the State's own evidence is that the possession and sale was one transaction?

"2. Is it error for the trial court to allow the State to impeach a defendant by showing other criminal conduct of the defendant not related to the charges pending in the trial when such criminal

conduct did not result in conviction of a felony?

"3. Is it error to allow the State to impeach the appellant by calling witnesses in rebuttal to contradict answers made by the appellant on cross-examination without laying the proper foundation by asking the 'warning question' as to date, time and place to afford the appellant an opportunity first to admit or deny with full knowledge?"

■ The first contention is governed by: A.R.S. § 13-1641. "Different punishments for same offense; limitation and bar

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

This court has held in construing this section that where marijuana is obtained for the purpose of a sale there is but one transaction which permits but one conviction and sentence. State v. Vallejos, 89 Ariz. 76, 358 P.2d 178; State v. Duplain, 102 Ariz. 100, 425 P.2d 570.

In Vallejos, supra, we said:

"In each case the facts must be examined to determine whether the transactional test has been met. Thus where it appears that the defendant simply acquired the marijuana for the purpose of the sale and the acts of acquisition were for the furtherance of the sale (as opposed to the case where it is kept as if general stock in trade) it is but one transaction."

In the instant case it is clear that the defendant went in the apartment returning with marijuana which was sold to the officer. Under these facts it is plain that the possession of the marijuana was obtained for the purpose of the particular sale and that there was but one transaction. The state in its brief in support of its contention that there was an additional pos-

session of marijuana referred to the following testimony of the officer:

"A He further said that if I wanted to buy marijuana in quantity that 'he could obtain any amount' that I wanted and that if I did buy in quantity it would be—I could obtain it at a lesser price.

"Q Did he quote any prices?

"A Yes, sir, he did.

"Q What did he quote?

"A I asked him what it would cost for 10 kilos and he said about $700."

The Attorney General states that this "testimony was sufficient to support an inference that the defendant had in his possession additional marijuana he was capable of delivering upon order." We cannot agree with this construction. The evidence indicates the contrary because he said "he could obtain any amount". We therefore hold that the judgment of the conviction on the first count must be vacated.

■ The questions 2 and 3 relate to the impeachment of the defendant. First by showing criminal conduct of the defendant not relating to the charges pending in the trial which conduct did not result in the conviction of a felony. There appears in the cross-examination of the defendant the following questions and answers:

"Q Have you ever possessed marijuana for sale or sold marijuana?

"A No, sir.

"Q Have you ever offered to sell marijuana?

"A No, sir.

"Q Never have?

"A Never.

"Q To anyone?

"A No."

In State v. Johnson, 94 Ariz. 303 at 305, 383 P.2d 862, we said:

"It has long been settled in this state that a witness can not be impeached by showing specific acts of misconduct not amounting to a conviction of a felony. State v. Polan, 78 Ariz. 253, 278 P.2d

432; State v. Harris, 73 Ariz. 138, 238 P.2d 957; State v. Singleton, 66 Ariz. 49, 182 P.2d 920; State v. Peters, 60 Ariz. 102, 131 P.2d 814.

"For example we said in State v. Harris:

'The majority of courts will allow on the cross-examination of the witness, specific acts of misconduct not sustained by a conviction to be shown which affect veracity. 3 Wigmore Evidence 550, § 983 (3d ed. 1940). But this court has allied Arizona with the minority of states by holding that on cross-examination specific acts of misconduct cannot be shown unless the witness has been convicted of that crime.' 73 Ariz. at 142, 238 P.2d at 959."

The testimony of the defendant on cross-examination was made without objection of his counsel. However, we also held in Johnson, supra, that:

"Even if a witness is cross-examined without objection concerning past misconduct not amounting to a felony conviction and denys the misconduct, there may not thereafter be presented proof to impeach the witness on such a collateral issue. State v. Harris, supra."

■ The particular evidence which the counsel for the defendant contends was error was the testimony in regard to a Mustang car and that of the witness Grace Wells who testified in regard to a conversation which she said she overheard the appellant offer to sell marijuana to her son. This testimony in regard to the Mustang and of Grace Wells' hearing the defendant offer to sell marijuana was objected to by the defendant. The testimony in regard to the Mustang car was collateral and not admissible for impeachment purposes. Section 68, Udall on Evidence; State v. Johnson, and State v. Harris, supra.

Grace Wells' testimony in regard to the offer of sale was as follows:

"Q. Mrs. Wells, what did you hear Sid Price say to your son on this afternoon we are speaking of, sometime in the middle of July, between 3:30 and 4:30 on the afternoon of that day?

"A. He asked my son, he said—he knocked on the door, I heard the car drive up and I looked out. He knocked on the door and said, 'Man, I heard you put the finger on me.' Ted said, 'I don't know what you are talking about.'

"He said, 'Well, I heard you told some people some things about me.' And, Ted said, 'I don't know anything. Look, I have been in trouble, I'm trying to stay clean and I'm going to. I wish you would go.'

"And, there was another fellow with the Price boy, which I don't know, or anything—and the Price boy spoke up and said, 'Hey, man, I got some blue endos and I got all the grass you want. Anytime you want it you know where to get ahold of me.'

"My son said, 'Get out of here, my mother will hear you.'

"About that time I let out a yell and that boy—" * * *

The court stated that it also admitted the evidence for impeachment purposes, not only was there not a proper foundation made for the admission of the evidence but it was clearly not admissible for impeachment purposes. This being a collateral issue and highly prejudicial. State v. Reyes, 99 Ariz. 257, 408 P.2d 400, 14 A.L.R.3d 1262; State v. Johnson, supra; State v. Harris, supra. We accordingly hold that the case must be reversed on the second count for re-trial.

It is ordered that the judgment of conviction on Count I be and herewith is set aside, and Count II is hereby remanded to the Superior Court for a new trial in accordance with this decision.

STRUCKMEYER, V. C. J., and UDALL, J., concur.