539 P.2d 897

STATE of Arizona, Appellee,

v.

Tony Darrow DAVIS, Appellant.

No. 3121.

Supreme Court of Arizona,
En Banc.

Sept. 18, 1975.

Rehearing Denied Oct. 21, 1975.

cepted the pleas and Davis was sentenced to serve a term of life for the murder and from 10 to 20 years for the robbery in the Arizona State Prison.

An appeal was taken to this court from the conviction for murder and to the Court of Appeals from the conviction for robbery. Because the questions on appeal are similar and arose from the same proceedings, the case filed with the Court of Appeals was transferred to this court and consolidated with the case pending before us for purposes of the appeal.

## I. Robbery

The appeal was filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967).

The appellant contends that he was denied the opportunity to speak on his own behalf before the sentence against him was pronounced, the constitutional right of allocution. Rule 26.10(b)(1), 1973 Rules of Criminal Procedure.

At the time of sentencing, the court specifically asked whether there was any good reason or legal cause why the judgment should not be entered to which defense counsel responded that there was no legal cause.

Defense counsel represents and stands in the stead of his client when addressing the court. We find no merit in the contention that counsel addressed himself only to the legal cause and that the appellant was denied the right to speak otherwise on his own behalf. Counsel spoke for his client and in a summary fashion said that there was no reason why the sentence should not be pronounced. The trial judge effectively complied with the rule and gave the appellant sufficient opportunity to speak on his own behalf.

## II. Murder

The appellant urges that the trial judge did not comply with Rule 17.2(b), 1973 Rules of Criminal Procedure, in ad-

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice:

The appellant, Tony Darrow Davis, was charged with one count of first degree murder and separately charged with one count of robbery and one count of kidnapping with intent to rob. Plea agreements were filed in both causes. Davis pled guilty to the charge of first degree murder and at the same time pled guilty to the charge of robbery. The charge of kidnapping was dismissed. The trial court ac-

**142**

vising him of the nature and range of the possible sentence for first degree murder including any special conditions regarding sentence, parole or commutation. The following transpired at the time that the pleas were entered:

"[THE COURT:] The crime of first degree murder is punishable by life imprisonment.

"It was explained to you, if you plead guilty you would get life imprisonment on the murder?

"MR. DAVIS: Yes, sir.

"THE COURT: You were aware that there was a possibility you could have got a death sentence on that?

"MR. DAVIS: Right.

"THE COURT: Did anyone tell you that if you plead guilty you would not be punished?

"MR. DAVIS: No.

"THE COURT: Did anyone tell you if you plead guilty that you would be placed on probation?

"MR. DAVIS: No."

\* \* \* \* \* \*

"THE COURT: Do you understand that on a life sentence you would have to serve a minimum of 25 years in prison?

"MR. DAVIS: Yes, sir."

We find that this was a sufficient explanation and that the appellant understood at that point that he could have received the death sentence or life imprisonment and that if the latter sentence were imposed, he would have to serve a minimum of 25 years in prison. It was not necessary to inform him in greater detail of the requirements of parole eligibility. *State v. Parle,* 110 Ariz. 517, 521 P.2d 604 (1974). The nature and range of the sentence and the special condition of a minimum prison term were properly explained.

Lastly, the appellant raises the issue that the nature of the charge of first degree murder was not made clear to him nor did the judge ascertain that a factual basis for the plea of guilty existed in contravention of Rules 17.2(a) and 17.3, 1973 Rules of Criminal Procedure.

The factual basis for the plea was established in the information filed against the appellant, by the several depositions taken prior to his plea of guilty, and by the brief summary of the facts by the judge to which Davis replied that that was a correct statement of what had occurred and that the facts were true. The entire record well establishes that a factual basis for the plea existed. *State v. Howell,* 109 Ariz. 165, 506 P.2d 1059 (1973).

Due process requires that the accused be advised of the charges against him but an enumeration of the specific legal elements of the offense is not necessary. *State v. Howell, supra.* In satisfying himself as to the factual basis for a plea of guilty as the trial judge must, he must find a factual basis for each of the elements of the crime charged. *State v. Herndon,* 109 Ariz. 147, 506 P.2d 1041 (1973). The appellant need not have been advised of the legal elements of the crime before the plea can be considered intelligent and voluntary. *State v. DeGrate,* 109 Ariz. 143, 506 P.2d 1037 (1973).

We have reviewed the entire record as required by A.R.S. § 13–1715, *State v. Burrell,* 96 Ariz. 233, 393 P.2d 921 (1964), and *Anders v. California, supra.* We find no fundamental error.

The judgments are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.