543 P.2d 1126

**STATE of Arizona, Appellee,**

v.

**Thomas Alan HOPSON, Appellant.**

No. 3225.

Supreme Court of Arizona,
En Banc.

Oct. 9, 1975.

**498**

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Frank T. Galati, Asst. Attys. Gen., Phoeniz, for appellee.

Ross P. Lee, Maricopa County Public Defender, by John Foreman, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Thomas Alan Hopson appeals from a trial court order revoking his probation. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Hopson pled guilty to second degree burglary. The sentence was suspended and he was placed on probation for five years. A petition to revoke probation was filed and at the hearing, Hopson was reinstated to probation. Subsequently, Hopson was found guilty of first degree burglary in a second case * and a new petition to revoke probation was filed. Probation was revoked and the appellant sentenced to serve a term of from four to five years in the Arizona State Prison, the sentence to run concurrently with the sentence imposed in the other case.

Hopson contends that he was denied the due process of law in part because there was an unreasonable delay before his initial appearance concerning the petition to revoke probation. The petition was filed October 30, 1974. A bench warrant was issued in accord with Rule 27.5(b),

1973 Rules of Criminal Procedure, on November 6, 1974, and served on Hopson the following day in the jail where he was in custody pending sentencing in the second case. November 8, 1974, Hopson made his initial appearance on the petition to revoke. Rule 27.6, 1973 Rules of Criminal Procedure, provides that there shall be no unreasonable delay after a probationer is arrested on a warrant until his initial appearance. We cannot say that an unreasonable delay occurred when the probationer made his appearance approximately 24 hours after having been served, an arrest obviously being unnecessary.

Hopson further urges that he was denied the due process of law because the trial judge failed to follow the proper procedures in revoking the probation and sentencing. The revocation and sentencing in this case took place during the sentencing in the other case. Originally the revocation and sentencing had been set for later in the same day, but the proceedings were consolidated with the agreement of counsel. The appellant contends that due process was denied him because he was not asked whether he admitted or denied the charge; he was not given the right of allocution; he was not given the opportunity of cross-examination; nor was there any evidence presented against him or findings of fact made.

Rule 27.7(c), 1973 Rules of Criminal Procedure, provides that the court shall ask the probationer whether he admits or denies the violation charged. If no admission is made or if an admission is not accepted, the violation must be established by a preponderance of evidence at which time each party may present evidence and has the right to cross-examine witnesses. This rule is intended to make sure that the proceedings are in accord with the constitutional guarantees of due process, but we will not say that if the form is not exactly followed, then a lack of due process automatically results. We

---

* The appeal from that case was affirmed by the Court of Appeals, *State v. Hopson*, 1 CA-

CR 938, and the petition for review denied by this court September 23, 1975.

will not exalt form over substance in the use of the rules of criminal procedure. *State v. Tiznado,* 112 Ariz. 156, 540 P.2d 122 (filed September 16, 1975).

The trial judge sentenced Hopson —in a case over which the same judge had presided—minutes before the revocation proceeding began. The judge was entitled to take judicial notice of the prior finding of guilt without an admission by Hopson. At that point, there was no need for a further evidentiary hearing designed for the situation when no admission is made by the probationer or the admission is not accepted by the trial court. The proceedings with regard to Hopson fully complied with due process.

The appellant contends that he was denied his constitutional right of allocution. Prior to the sentence being imposed, the court specifically asked whether there was any legal cause why the sentence should not be pronounced. Counsel for Hopson replied that there was not. Defense counsel represents and speaks for his client when addressing the court. *State v. Davis,* 112 Ariz. 140, 539 P.2d 897 (filed September 18, 1975). Hopson personally had addressed the trial court minutes before and apparently there was nothing more to be said by the appellant or his counsel. The constitutional right of allocution was not denied.

Hopson also complains on appeal that he was improperly denied a second hearing in accord with *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). A second revocation hearing is required "if it is desired" by a probationer. *Gagnon v. Scarpelli, supra; Morrissey v. Brewer, supra.*

The trial judge, when asking if the revocation proceeding could be held immediately after the sentencing in the prior case, asked if a second hearing was wished. Counsel replied that "under the circumstances it is not necessary. Mr. Hopson does not desire that." The second hearing was therefore waived and the lack of that hearing cannot be urged on appeal.

Finally, Hopson argues that his probation could not be revoked on the basis of the violation charged because "the facts contained in the allegation were known to the Superior Court when the appellant was reinstated on probation . . ." This argument is completely without merit. The appellant suggests that the proceeding when probation was revoked was a relitigation of the prior proceeding when probation was reinstated and therefore he was twice put in jeopardy. When probation was reinstated for Hopson, the trial judge referred to the new charge pending but noted that it had not yet even reached the stage of a preliminary hearing. One is placed in jeopardy twice when a prior factual determination is relitigated. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). While the trial judge mentioned the new charge, the court found that Hopson violated the terms of his probation by failing to report to his probation officer over a period of approximately four months. When Hopson's probation was revoked, it was because he had failed to conduct himself as a law-abiding citizen. There was no relitigation of a prior factual issue.

The revocation of probation is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.