544 P.2d 687

**STATE of Arizona, Appellee,**

v.

**Gypsy GARRISON, Appellant.**

**No. I CA–CR I142.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 22, 1976.

Rehearing Denied Feb. 27, 1976.

Review Denied March 16, 1976.

was re-arrested and on December 12, 1973, he was placed on probation for three years.

While appellant was on probation, he was arrested on another charge of burglary. On October 1, 1974, a jury found appellant guilty of second degree burglary.[1] Judge Charles L. Hardy presided at the trial.

On October 4, 1974, a petition was filed by appellant's probation officer seeking to revoke appellant's probation in this case. On November 6, 1974, a hearing was held before Judge Hardy. At this hearing, Judge Hardy revoked appellant's probation and sentenced him on both counts of burglary, second degree, to not less than three nor more than five years in the state prison, the sentences to run concurrently.

There are three issues on appeal:

1. Whether the trial court denied appellant due process by failing to conduct a bifurcated hearing on revocation of probation.

2. Whether it was proper for the court to determine that appellant violated the terms of his probation on the basis of his conviction of the subsequent offense.

3. Whether the appellant was denied the opportunity to speak on his own behalf before the sentence was pronounced.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, John Pressley Todd, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Joel M. Glynn, Phoenix, for appellant.

## OPINION

FROEB, Judge.

On December 15, 1972, appellant entered a plea of guilty to the charge of burglary, second degree. Appellant did not appear at his original sentencing hearing, but he

Appellant's first ground for appeal is controlled by State v. Vasquez, 22 Ariz. App. 37, 523 P.2d 88 (1974). In Vasquez, the defendant pled guilty to violations of the Arizona check statute, and was placed on probation. While on probation, he was arrested and shortly thereafter pled guilty to the crime of forgery. At the time of his sentencing for the forgery conviction, the trial judge revoked his probation and sentenced him for both the forgery and the check statute violations. On appeal, the defendant, like appellant in this case, claimed he was denied the bifurcated probation revocation and sentencing hearing

1. This conviction was affirmed by this court in State v. Garrison, 1 CA-CR 927 by memorandum decision (unpublished), filed on October 7, 1975.

required by *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

However, the court held that where the probation revocation was based on a subsequent criminal conviction before the same court, the bifurcated hearing procedure was not required. The court stated that the defendant's conviction following a guilty plea on the subsequent charge was adequate assurance that there was probable cause to hold him for probation revocation. The court further indicated that the disposition hearing to determine whether the probation should be revoked could be held at the same time defendant was sentenced on the subsequent conviction. The court reasoned that since the defendant was to be sentenced on the subsequent conviction, any mitigation evidence he could present would not allow him to continue on probation.

Here, appellant received the same sentence for both offenses, to run concurrently. Appellant had an opportunity to present mitigation evidence for both offenses. We hold that the opportunity for a mitigation hearing on the second offense satisfies the disposition hearing requirements of *Gagnon.*

We note further that the 1975 revisions to the Rules of Criminal Procedure (not applicable to this particular case) provide that if a probationer has been found guilty of a criminal offense by the court which placed him on probation, no violation hearing is required and the court shall set the matter for a disposition hearing at the time set for entry of judgment on the criminal offense. See Rule 27.7(e).

■ Appellant's second ground for appeal is controlled by *State v. Hopson,* Ariz., 543 P.2d 1126 (Filed October 9, 1975). In *Hopson,* as in the current case, the trial judge who sentenced the defendant presided over defendant's trial on the other criminal charge. In *Hopson,* our Supreme Court held that under these circumstances "the judge was entitled to take judicial notice of the prior finding of guilt without an admission by Hopson." A review of the record in the current case shows that the trial court revoked appellant's probation on the basis of the prior conviction and did not rely on any admission by appellant. Accordingly, there was no need for the court to comply with the require ments of Rules 27.7(c)(2) and 27.8. In addition, see Rule 27.7(e) (1975 Revision).

■ As to appellant's third ground, at the time of sentencing the court addressed the appellant and asked him "if there was any good reason or legal cause to show why I should not sentence you in both of these cases?" Appellant's counsel responded for him and stated that there was no legal cause. The State concedes, and we agree, that the failure to give appellant an opportunity to speak just prior to imposing sentence was in violation of Rule 26.10(b)(1). However, both *State v. Davis,* 112 Ariz. 140, 539 P.2d 897 (1975) and *Hopson,* supra, hold that defendant's counsel may answer for the defendant and that his counsel's response satisfies the constitutional right of allocution as well as the provisions of Rule 26.10(b)(1). In *Davis,* the court states:

> Defense counsel represents and stands in the stead of his client when addressing the court. We find no merit in the contention that counsel addressed himself only to the legal cause and that the appellant was denied the right to speak otherwise on his own behalf. Counsel spoke for his client and in a summary fashion said that there was no reason why the sentence should not be pronounced. The trial judge effectively complied with the rule and gave the appellant sufficient opportunity to speak on his own behalf. [539 P.2d at 898]

On the basis of these holdings of our Arizona Supreme Court, we find the constitutional and criminal rule requirements were effectively complied with and therefore we reject this argument as a ground for reversal.

Judgment and sentence affirmed.

DONOFRIO, P. J., and OGG, J., concur.