623 P.2d 857

**The STATE of Arizona, Appellee,**

**v.**

**Mitchell Floyd BALLANTYNE, Appellant.**

**2 CA–CR 1986.**

Court of Appeals of Arizona, Division 2.

Jan. 27, 1981.

---

**2.** A.R.S. § 28–663 imposes on the driver of any vehicle involved in an accident causing injury or vehicle damage a duty to give information and render aid to the injured.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Jessica Gifford, Asst. Attys. Gen., Phoenix, for appellee.

Hirsh & Bayles, P. C. by Donald H. Bayles, Jr., Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant was convicted of assaulting a police officer and resisting arrest. On appeal he contends (1) the prosecutor's asking him about a past affiliation with the Hell's Angels and whether his tattoo was one worn by the gang's members was improper and prejudicial; (2) the trial judge's demeanor and conduct toward appellant was improper; (3) the inquiry into appellant's past fighting behavior and his impeachment through specific evidence of misconduct was error; (4) the testimony that a witness had been threatened was improperly admitted; (5) the denial of appellant's request for access to the Internal Affairs records on the arresting officer was error; and (6) the failure to afford appellant an opportunity to speak before he was sentenced denied his right to allocution.

Based on appellant's first and third contention, we reverse and remand.

### Appellant's Affiliation with the Hell's Angels

During cross-examination and over defense counsel's objection, appellant was asked if he ever rode with the Hell's Angels. He denied it. In rebuttal, the prosecutor asked appellant to roll up his shirt sleeve to show a tattoo. The tattoo was a

skull with a swastika enclosed by a scroll and a circle of wings with the words "Harley-Davidson" written on the scroll. Over objection the tattoo was shown to the jury. The prosecutor asked if the tattoo was one commonly worn by the Hell's Angels. Appellant said no.

Appellant contends the prosecutor's questions linked him to the Hell's Angels motorcycle gang and deprived him of a fair trial. We agree.

This line of questioning was improper for two reasons. First, if proven, an affiliation with the Hell's Angels would have been evidence of bad character. Such evidence is not admissible to prove that an accused acted in conformity therewith unless the accused first put his character in issue. 17A A.R.S. Rules of Evidence, Rule 404(a)(1). Appellant had not placed his character in issue.

The state, however, argues that the questions were proper under an exception in Rule 404(b) which admits evidence of prior acts to prove knowledge. By showing a past affiliation with the Hell's Angels the State intended to prove appellant had an expertise with motorcycles which was inconsistent with his inability to balance his motorcycle when he was arrested. Since appellant had already admitted familiarity with motorcycles in general and with his motorcycle in particular the argument is not persuasive and cannot counterbalance the prejudice the questions created. The implication was clear and highly prejudicial and could not be erased by appellant's denials. Cf. State v. Holsinger, 124 Ariz. 18, 601 P.2d 1054 (1979) (prosecutor's question about the defendant's long criminal record was reversible error even though the objection was sustained and the jury instructed to disregard the question).

Second, the questioning and the tattoo display were reversible errors because they amounted to prosecutorial misconduct. To ask a question which implies the existence of a prejudicial factual predicate which the examiner cannot support by evidence is unprofessional conduct and should not be condoned. State v. Holsinger, supra. The record shows that the prosecutor offered no evidence to controvert either appellant's denial that he was a Hell's Angel or his assertion that his tattoo was not one commonly worn by the gang members. We assume he could not support this insinuation with evidence.

The above questioning and the display of the tattoo were prejudicial and the prosecutor's conduct was improper. For these reasons the judgment must be reversed and remanded for a new trial.

### Trial Judge's Conduct

Appellant also contends that the trial judge's demeanor and conduct toward appellant and his attorney indicated bias against them and denied him a fair trial. He argues that the trial judge's *sua sponte* comments to the defense counsel and responses to the prosecutor's objections were indicative of the judge's lack of an attitude of fairness and impartiality. We disagree. The record does not support appellant's claim.

### Improper Impeachment

During cross-examination when appellant was asked if he liked to fight, he said no. In response to another question he said he had not been in a fight for fourteen years. Subsequent testimony during rebuttal identified appellant as a participant in a fight two months before the incident at trial.

Appellant contends that this evidence of a prior bad act was improperly admitted in violation of 17A A.R.S. Rules of Evidence, Rules 404 and 608. We agree. See State v. Price, 106 Ariz. 433, 477 P.2d 523 (1970).

No objection was made at trial. However, none was necessary. Even though appellant was cross-examined about past misconduct, without objection, and denied the misconduct, extrinsic evidence may not be presented to impeach him on this collateral issue. See Id.

### Threatening Telephone Calls Testimony

A prosecution witness testified that she received two anonymous threatening telephone calls advising her to change her attitude about the trial. Citing *State v. Marahrens*, 114 Ariz. 304, 560 P.2d 1211 (1976), appellant argues that before a threat may be admissible as an exception to the past bad acts rule, the evidence must substantially establish the accused's connection with the prior act. Because the evidence did not establish this connection, appellant contends that the admission of the testimony was error. No objection was made at trial and the matter may not be raised on appeal. *State v. Hudgens*, 102 Ariz. 1, 423 P.2d 90 (1967), *cert. denied*, 389 U.S. 873, 88 S.Ct. 162, 19 L.Ed.2d 155 (1967).

Appellant argues that an adequate objection was made at trial. We disagree. The objection was made to a question concerning the witness' fear of appellant which is a subject separate from the witness receiving the telephone calls. The objection was inadequate to preserve the alleged error for review. *See* 17A A.R.S. Rules of Evidence, Rule 103(a)(1).

### Internal Affairs Records

Appellant asserts that the trial court's denial of access to the Internal Affairs division files of the arresting officer was error. We do not agree.

The trial court in camera reviewed the Sierra Vista Police Department's records of the arresting officer for evidence concerning his past aggressive conduct. It found that the files did not contain complaints of overaggressiveness on the part of the officer which resulted in departmental findings adverse to him. In accordance with *State ex rel DeConcini v. Superior Court*, 20 Ariz.App. 33, 509 P.2d 1070 (1973), the court properly denied appellant access to the police records.

### Right to Allocution

Appellant contends that at the time of sentencing he was denied his right of allocution which is guaranteed under 17 A.R.S. Rules of Criminal Procedure, Rule 26.10(b)(1). Prior to pronouncing sentence the judge asked, "Do you have any legal cause or reason to show why sentence should not be imposed upon you at this time?" and "Do you have anything to say in mitigation of punishment and prior to sentencing?" Appellant's attorney responded negatively to both questions initially and later spoke about mitigating circumstances. Defense counsel represents and speaks for his client when addressing the court. *State v. Davis*, 112 Ariz. 140, 539 P.2d 897 (1975); *State v. Hopson*, 112 Ariz. 497, 543 P.2d 1126 (1975). *See also State v. Garrison*, 25 Ariz.App. 470, 544 P.2d 687 (1976). The trial judge effectively complied with the rule.

Although there was effective compliance with the rule, there would be an even better record if the trial judge would unambiguously address the defendant by name. *See Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). There should be no room for doubt that the defendant understood that he was personally invited to speak prior to sentencing. *Id.*

The judgment is reversed and the case remanded for a new trial.

HATHAWAY, C. J., and HOWARD, J., concur.