MURDOCK, Justice.
Jacquees Maurice Boone was convicted of attempted murder, see Ala. Code 1975, §§ 13A-6-2 and 13A-4-2; he was sentenced as an habitual felony offender to life imprisonment. On appeal to the Court of Criminal Appeals, Boone argued that the Montgomery Circuit Court (“the trial court”) erred in admitting evidence that he was affiliated with a “gang.” The Court of Criminal Appeals affirmed Boone’s conviction and sentence in an unpublished memorandum, reasoning that the evidence was relevant under Rule 404(b), Ala. R. Evid., to prove motive. Boone v. State (No. CR-14-1091, Dec. 11, 2015), 222 So.3d 416 (Ala.Crim.App.2015) (table). This Court granted certiorari review; we now reverse and remand.
I. Facts and Proceedings Below
The evidence at trial tended to show the following: On the night of March 29, 2014, Alondre Cooley, the victim, was walking down a neighborhood street in west Montgomery. Boone and his friend “Gerónimo” were in a vehicle being driven by Geróni-mo. Gerónimo drove onto the street and slowed down when they saw Cooley. Cooley recognized Boone in the passenger side of the vehicle because Cooley had known Boone since childhood. Boone fired one shot, which hit Cooley in the face. Cooley spent three to four months, in the hospital and suffered serious, permanent injuries.
On appeal, Boone’s sole argument was that the trial court erred by admitting 'the evidence indicating that Boone was affiliated with a “gang” because, he says, that evidence was “not relevant” and was “presumptively prejudicial.” The State contended that the evidence was admissible *995 under Rule 404(b)[1] because it was relevant to show Boone’s motive and that the probative value of the evidence outweighed any prejudicial effect. See Rule 403, Ala. R. Evid.[2]
Boone points to two occasions during trial when the State referenced Boone’s alleged affiliation with a gang. During opening statements, the prosecutor stated that Boone was associated with a person named Richard Freeman and that Freeman was. a member in a gang called the “700 Group.” Defense counsel objected, arguing that “at this point there is no evidence of gang activity” and that “[i]t is an improper comment of association with this individual being in any gang.” The trial court overruled the objection, On the second .occasion, the State called as a witness Detective C.N. Delaney, who testified that she had taken a statement from Boone.and that Boone had admitted to being a member of the “700 Group” or the “700 Click.” Det. Delaney testified that, based on her knowledge and experience, the “700 Crew”[3] had originally been formed as a music group and that she associated ihe group with gang activity. Defense counsel objected, arguing that Det. Delaney’s reference to “gang” was extremely prejudicial. The trial court overruled the objection.
The Court of Criminal Appeals affirmed Boone’s conviction, holding that the evidence of gang membership was relevant under Rule 404(b) to prove motive.
II. Standard of Review
“The question of admissibility of evidence is generally left to the discretion of the trial court, and • the trial court’s determination on that question will not be reversed except upon a clear showing of abuse of discretion.” Ex parte Loggins, 771 So.2d 1093, 1103 (Ala.2000).
III. Analysis
Boone asserts that the decision of the Court of' Criminal Appeals conflicts with Thomas v. State, 625 So.2d 1149 (Ala.Crim.App.1992), rev’d on other grounds, Ex parte Thomas, 625 So.2d 1156 (Ala.1993), and R.D.H. v. State, 775 So.2d 248 (Ala.Crim.App.1997), and he contends that evidence of his membership in an alleged “gang” was irrelevant because, he says, there was no evidence indicating that Cooley was in any rival gang and no evidence indicating that the shooting was gang-related. We agree.
In R.D.H., the Court of Criminal Appeals stated that “evidence of a defendant’s association with a ‘gang[]’ may properly be considered to be evidence of collateral bad acts.” 775 So.2d at 252. It held, therefore, that such evidence was inadmissible under the principles now incorporated in Rule 404(b), unless it is admissible for some purpose other than showing the defendant’s bad character and *996 action in conformity therewith (e.g., as in this case, to show motive).[4]
In Ex parte Thomas, this Court held that a trial court erred in refusing to a grant a motion for a mistrial where the State -had presented evidence indicating that the- defendant was a member in a gang. The defendant contended that “the testimony concerning his membership in a gang was irrelevant and so highly prejudicial as to require the trial court to grant his motion for a mistrial.” Ex parte Thomas, 625 So.2d at 1157. This Court quoted with approval the following passage from the Court of Criminal Appeals’ opinion:
“‘We equate the association of the defendant with a “gang” as evidence of a collateral criminal act that is presumptively prejudicial and that is admissible only when probative and under certain limited exceptions.’ ”
Id. (quoting Thomas v. State, 625 So.2d at 1153). This Court went on to conclude that the evidence was prejudicial and that a mistrial was warranted.
In this case, Boone contends (1) that evidence of his alleged gang affiliation was presumptively prejudicial, (2) that the evidence was not relevant to.motive, and (3) that, even if it was relevant, the evidence was due to be excluded because its probative value was substantially outweighed by the prejudicial effect.
The Court of Criminal Appeals stated the correct principles of law, but it erred in concluding that Boone’s alleged gang affiliation was relevant to his motive for shooting Cooley. Specifically, the Court of Criminal Appeals did not identify any link between Boone’s alleged affiliation with a gang and the asserted motive for the shooting. The Court of Criminal Appeals stated in its unpublished memorandum:
“Here, Boone admitted to police and testified at trial that he is a member of the ‘700 Group.’ The record established that this group is associated with gang activity. The record also established that Boone and Cooley, the victim, lived a street over from one another in the same neighborhood and that they had been involved in selling drugs. The record further established that members of Cooley’s family participated in controlled drug buys with Boone and his associates and that, as a result, the police executed a search warrant of Boone’s house. It was the State’s theory of the case that such activity caused animosity between Boone and Cooley and ultimately led to the shooting. Thus, we conclude that the evidence was relevant to show Boone’s motive for shooting Cooley .... ”
The foregoing quote does not indicate that gang affiliation was relevant to Boone’s motive for shooting Cooley. The record does not disclose any evidence indicating that Cooley or anyone in his family was a member of a gang. The motive advanced by the State at trial was that there was animosity between Boone ánd his friends, on the one hand, and Cooley’s family, on the other hand, arising from the participation of Cooley’s mother in police drug investigations that led to the arrest of Boone’s friends.[5] The State does not *997 explain how the evidence of “gang” affiliation is relevant to Boone’s motive for shooting Cooley. It appears that the asserted animosity arose out of a personal dispute between Boone and Cooley’s family, not out of a gang affiliation or a gang dispute.
IV. Conclusion
Based on the foregoing, we reverse the decision of the Court of Criminal Appeals and remand the case to that court for further proceedings.
REVERSED AND REMANDED.
Parker, J., concurs.
Stuart, Shaw, and Main,-JJ., concur specially. -
Bolin, Wise, and Bryan, JJ., dissent.

. Rule 404(b) provides, in pertinent part:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissble for other purposes, such as proof of motive .... ”

. Rule 403 provides, in pertinent part, that, "[although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice

,The terms “700 Group,” "700 Click,” and "700 Crew” apparently refer to the same loosely defined group of individuals. The "700’-' is derived from the block number in a west Montgomery neighborhood. Boone admits that he is affiliated with the group, but he objects to the characterization of the group as a “gang." Other than Det. Delaney’s unsupported opinion, the State's brief does not point to any evidence indicating that the 700 Group was, in fact, a “gang.”

. In R.D.H., this Court stated that evidence of the defendant's membership in the Ku Klux Klan, ."an organization 'which espouses white supremacy and racial hatred,’ ” 775 So.2d at 252, was arguably relevant to the issue of the credibility of a witness. Nonetheless, the Court held that this evidence should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice.

. There is evidence in the record indicating that Cooley’s mother was charged with drug offenses and sought to reduce her punishment by participating in controlled drug buys from some of Boone’s friends, leading to the arrest *997 of those friends. Various witnesses at trial referred to Cooley’s family “snitching on” Boone’s friends.